UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN ELLIS,

    Plaintiff,

    v.

J. MARTINEZ, correctional officer,

    Defendants.
_____/

No. C-12-4278 EMC (pr)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Benjamin Ellis, an inmate at Salinas Valley State Prison in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

In his complaint, Ellis claims that correctional officer J. Martinez used excessive force and was deliberately indifferent to his safety on February 1, 2012. The complaint alleges the following: Ellis, who was a paraplegic in a wheelchair, exited the building in which he was housed to go to the morning yard with other inmates on February 1, 2012. After Ellis was searched, C/O Martinez grabbed his wheelchair and pushed him back into the building in which he was housed. Once inside the building, Martinez "ramm[ed] the wheelchair into the closed steel door of 'C' pod and its connecting wall." Docket # 1, p. 7. Martinez then walked away. Later that morning, Ellis returned to the yard. Martinez pushed him back into the building again, although there was no use of force

this time.  Ellis' left hand was sprained and his left shoulder was hurt as a result of being rammed into the door while in a wheelchair.

### III.  DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this action alleges that correctional officer Martinez's conduct amounted to both excessive force and deliberate indifference to Ellis' safety.  The Eighth Amendment's prohibition of cruel and unusual punishments protects an inmate from force used maliciously and sadistically for the very purpose of causing harm.  *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  Liberally construed, the complaint states a § 1983 claim against Defendant Martinez for the use of excessive force by allegedly ramming Ellis and his wheelchair into a door.

The Eighth Amendment's prohibition of cruel and unusual punishments also requires that prison officials take reasonable measures for the safety of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  *See id.* at 834.  Liberally construed, the complaint states a § 1983 claim against Defendant Martinez for deliberate indifference to Ellis' safety by allegedly ramming Ellis and his wheelchair into a door.

## IV. CONCLUSION

1. The complaint states a cognizable § 1983 claim against correctional officer J. Martinez for an Eighth Amendment violation.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon correctional officer J. Martinez, who apparently works at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **May 10, 2013**, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If Defendant files a motion to dismiss for non-exhaustion of administrative remedies, Defendant must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time he files such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **June 7, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **June 21, 2013**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

3

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).
>
> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008.

5.    All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

4

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: January 31, 2013

_____
EDWARD M. CHEN
United States District Judge